BEFORE THE UNITED STATES JUDICIAL PANEL ON

MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: HUEL HEAVY METAL LITIGATION | MDL No. 3177<br><br>Underlying Action:<br><br>*Sarayli, et al. v. Huel, Ltd.*,<br>No. 5:25-cv-08878-EKL<br>(N.D. Cal. 2025) |

**OPPOSITION TO MOTION TO TRANSFER OF**
**PLAINTIFFS AYKUT SARAYLI AND ROBERT MASTRONARDI**

Plaintiffs Aykut Sarayli and Robert Mastronardi, by and through their undersigned attorney, file this Opposition to the Motion to Transfer filed by Movant Sylvia Settecasi [D.E. 1], and show the following.

**INTRODUCTION**

Here, various plaintiffs have filed five different lawsuits against two different Defendants, Huel, Inc. (a Delaware corporation located in Brooklyn, New York) and Huel, Ltd. (a British limited company headquartered in the United Kingdom) (together for purposes of this response, "Huel").

All of these lawsuits allege that Huel's "Black Edition" protein powder (the "Products"), a plant-based dietary supplement, contains excessive and unhealthy levels of lead and cadmium. These levels—which exceed safe amounts as well as the U.S. Food & Drug Administration's daily interim reference levels for both heavy metals—are contrary to representations Huel makes, on the Products' labels and elsewhere, regarding the purported review and analysis of the Products' supply chain in order to prevent excessive heavy metals content. Four of these cases were filed by Plaintiffs against Huel, Inc.. But the instant case, by Plaintiffs Aykut Sarayli and Robert

1

Mastronardi, was filed against Huel, Ltd in the Northern District of California. *See Sarayli, et al. v. Huel, Ltd.*, No. 5:25-cv-08878-EKL (N.D. Cal. 2025) (the "-8878 Action").

Huel now seeks the transfer of these cases to the Eastern District of New York for pre-trial purposes. This motion should be denied, for two reasons.

First, just this past year, in ongoing California consumer protection litigation alleging that the Products were mislabeled and deceptive, Huel took the position that Huel, Ltd. and not Huel, Inc. is responsible for the manufacture and labeling of the Products. In fact, the company argued in its motion that Huel, Inc. "bears no relation" to claims that Black Edition powder is deceptively mislabeled. *See Sarayli v. Huel, Ltd.*, No. 5:25-cv-02406-PCP (N.D. Cal. 2025) (hereinafter, the "-2406 Action"). Having prevailed on a motion to quash on this factual assertion, Huel is now precluded from taking a different position in this litigation. At the least, this raises distinct factual issues as between this and the other cases against Huel that precludes transfer, since there is substantial uncertainty regarding which entity bears responsibility under state consumer protection law for deceptively labeling the Products.

Independent of that, under well-established JPML precedent, where only a "small number of actions" has been filed, that fact "indicates that alternatives to centralization are feasible." *In re First Databank Prescription Info. Litig.*, 291 F. Supp. 3d 1376, 1377 (J.P.M.L. 2018). Here, only five actions have been filed; the overlapping factual issues are straightforward; and informal coordination in discovery should be possible to avoid unnecessary duplication of effort and avoid the waste of judicial resources. Under these circumstances, transfer should be denied.

**ARGUMENT**

**I.     Huel Previously Asserted Successfully That Huel, Ltd. Is the Proper Party In Suits Involving Labeling of the Products.**

Last year, in the -2406 Action, the plaintiff (Aykut Sarayli, who is among the Plaintiffs in the -8878 Action) sued Huel, Limited, asserting that the company's "Black Edition" protein powder was misbranded under the federal Food, Drug, and Cosmetics Act because it failed to comply with federal laws relating to the accurate reporting of protein content. The suit alleged that

the label on the Black Edition protein powder was therefore deceptive and misleading to reasonable under *inter alia* the California Consumers Legal Remedies Act, Cal. Civ. Code section 1750 *et seq*.

Huel, Limited is identified on the Huel.com website as the manufacturer of the Huel line of dietary supplements, even as to Products sold to U.S. consumers:



*See* Weller Decl. Exh. E (https://huel.com/products/huel-black-edition) (last viewed January 20, 2026).

On this basis, plaintiff in the -2406 Action sued Huel, Ltd. as the party responsible for formulating and manufacturing the deceptively labeled Black Edition powder. *See* Weller Decl. Exh. A. (-2406 Action D.E. 1 at 1 [alleging that Huel, Ltd. "manufactured, packaged, labeled, advertised, distributed, and sold" Black Edition]; *id*. ¶ 2 [alleging that "all decisions regarding formulation and labeling of" Black Edition are made at the Huel, Ltd. place of business in the United Kingdom]).[1]

But recognizing that Huel purported to have a U.S. affiliate in Brooklyn, New York operating as Huel, Inc., plaintiff in the -2406 Action attempted to serve Huel, Ltd. at this Brooklyn address. *See* Weller Decl. ¶ 3. Huel, Ltd.—acting through the same attorneys who represent Huel here—moved to quash service of process in the -2406 Action. It did so not simply on the ground that Huel, Inc. and Huel, Ltd. were separate entities, but also because it claimed that Huel, Inc. is not the manufacturer of the Black Edition powder at the center of both the -2406 Action, and this case.

This is clear from Huel's repeated statements through counsel, filed into the docket of the -2406 Action. On May 28, 2025, in a meet and confer letter precedent to moving to quash, counsel for Huel described Huel, Ltd. as "a British company headquartered in London that makes a variety of plant-based protein supplements and other delicious and nutritious foods," that "does not have any offices or operations in the United States." Weller Decl. Exh. B (-2406 Action, D.E. 15-3 at 1). Counsel further asserted that Huel, Inc. "has no relation to any of the purported claims in the Complaint," *id*.—claims that centered on the manufacture and labeling of Black Edition powder. These assertions were then repeated in the motion to quash that Huel, Ltd. filed in the -2406 Action. Weller Decl. Exh. C (-2406 Action, D.E. 15 at 5 ["Huel Inc. is a separate company that has no relation to any of the purported claims in the Complaint."]). Accepting Huel's contentions, the California district court quashed service. and plaintiff in the -2406 Action ultimately served Huel Ltd. at its corporate headquarters in the United Kingdom. Weller Decl. ¶ 6.

---

[1] Plaintiffs have concurrently filed a Request for Judicial Notice relating to the Exhibits to the Weller Declaration.

Then, just last week, Huel, Ltd. moved to dismiss the -2406 Action. In its memorandum in support, Huel, Ltd. specifically stated that it "makes healthy food convenient and affordable, and with minimal impact on animals and the environment," and that its products, "***like its Black Edition protein powder***, are made with plant-based, sustainable ingredients." Weller Decl. Exh. D. (-2406 Action, D.E. 49-1 at 1) (emphasis added). Nowhere in this motion does Huel, Ltd. deny that it—and not Huel, Inc.—is the manufacturer of Black Edition powder, or moved to dismiss on that basis.

Huel's position—repeated multiple times in filings made in federal court—is therefore clear: It is Huel, ***Ltd***. that "makes a variety of plant-based protein supplements" including Black Edition; while Huel, ***Inc***. has "no relation" to any claim relating to the formulation, manufacture, and labeling of Black Edition.

## II. Huel Is Judicially Estopped From Asserting That Huel, Inc. Is Responsible for the Formulating and Labeling of the Products.

This assertion has immediate implications for this motion. Except for the -8878 action filed by Sarayli and Mastronardi, every case that movant seeks to transfer for pretrial purposes pleads that Huel, ***Inc***. is responsible for the formulation, manufacturing, and labeling of the Black Edition powder. *See* MDL No. 3177, D.E. 1-5 at ¶ 33 (*Riley* Complaint); D.E. 1-7 at ¶ 1 (*Gouldbourne* Complaint); D.E. 1-8 at ¶ 1 (*Tal* Complaint); D.E. 1-9 at ¶ 1 (*Settecasi* Complaint). But just last week, Huel took precisely the opposite position in the -2406 action, asserting that Huel, ***Ltd***. was responsible for the manufacture of the Products. *See* Weller Decl. Exh. D. It has also stated in court filings that Huel, Inc. has "no relation" to allegations relating to the mislabeling of Black Edition powder. *See* Weller Decl. Exhs. B, C. And, it prevailed on the motion to quash that its current counsel filed, which rested on this factual assertion.

Having taken this position in ongoing litigation as recently as last week, and prevailed on it, Huel, Ltd. is now judicially estopped from taking a different position in this litigation. "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position,

5

especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Davis v. Wakelee,* 156 U.S. 680, 689 (1895)).

Under this doctrine, movant is now estopped from arguing that Huel, Inc. is the entity responsible for the manufacture and labeling of the Products, or that the two entities—Huel, Inc. and Huel, Ltd.—are interchangeable for purposes of liability under consumer protection statutes. This reality dictates that, at the least, the -8878 action should not be transferred for pre-trial purposes, as there are substantial and material differences between this action and the other cases that Huel seeks to consolidate. Specifically, there is a serious factual dispute as to which entity is the one responsible under state consumer protection law for the manufacture and sale of these Products. *See, e.g., In re Stivax Mktg. & Sales Pracs. Litig.*, 645 F. Supp. 3d 1383, 1384 (J.P.M.L. 2022) (denying transfer where "each of the actions will involve distinct questions of fact"); *Manual for Complex Litig. (Third)* § 31.131, at 252 (transferee court should resolve "issues unique to the particular case" before, or in lieu of, transfer).

Indeed, the inevitable logical corollary of Huel's position—that only Huel, Ltd. is responsible for the manufacture and labeling of the Black Edition powder—is that the other cases the company seeks to transfer are not properly pleaded, because they name the wrong entity. This raises the strong probability that there is currently only one properly pleaded case against Huel presently filed, the -8878 action. "The status of these matters is of obvious significance—a minimum of two cases pending in two different districts is required for transfer under Section 1407." *Stivax*, 645 F. Supp. 3d at 1385 (citing *In re Wells Fargo Inspection Fee Litig.*, 158 F. Supp. 3d 1366, 1367 (J.P.M.L. 2016)). Right now, it appears that this minimum requirement for transfer has not been met.

Common predicate questions of fact are the "initial criteria" that must be satisfied for the Panel to order a transfer of pending cases. *In re Photocopy Paper*, 305 F. Supp. 60, 61 (J.P.M.L. 1969). But even if common questions are shown, transfer is "not mandated." *See id*. Here, Huel's

6

prior litigation positions and the uncertainty over which entity is properly sued militate strongly against transfer.

### III. Transfer Should Also Be Denied Because of the Minimal Number of Actions.

Then, transfer should be denied for the separate but equally compelling reason that only five cases have to date been filed. "[W]here only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization." *In re Transocean Ltd. Secs. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Here, the "small number of actions indicates that alternatives to centralization are feasible." *In re First Databank Prescription Info. Litig.*, 291 F. Supp. 3d 1376, 1377 (J.P.M.L. 2018) (citing *In re: Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978)).

While there are overlapping factual questions among these five cases, they do not appear to be so "complex or numerous [as] to warrant the creation of an MDL." *Stivax*, 645 F. Supp. 3d at 1384. *See also, e.g., In re Convergent Outsourcing, Inc.*, 84 F. Supp. 3d 1369, 1370-71 (J.P.M.L. 2015) (denying centralization of six actions where "voluntary cooperation and coordination among the parties and the involved courts seems a feasible alternative to centralization"). Discovery regarding defendants' conduct should be fairly straightforward, and informal coordination should be possible to avoid unnecessary duplication of effort. *Stivax, supra.*[2]

### CONCLUSION

WHEREFORE, considering the foregoing, the motion to transfer should be denied, at least as to the -8878 action.

---

[2] This Panel directed the parties to "address what steps they have taken to pursue alternatives to centralization." Currently, because an answer has not been filed in this matter, the parties have not discussed centralization. However, Plaintiffs are amenable to any appropriate measures: "For example, notices for a particular deposition could be filed in all actions, thereby making the deposition applicable in each action; the parties could seek to agree upon a stipulation that any discovery relevant to more than one action may be used in all those actions; and any party could seek orders from the three courts directing the parties to coordinate their pretrial efforts." *In re Eli Lilly*, 446 F. Supp. at 244.

DATED: January 20, 2026          **CHARLES C. WELLER, APC**

/s/ *Charles C. Weller*
Charles C. Weller

*Counsel for Plaintiffs Aykut Sarayli and Robert Mastronardi*

## PROOF OF SERVICE

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that the foregoing Opposition was served by U.S. mail or by email on January 20, 2026 upon the following:

### All Cases (via U.S. mail, first class)

Office of the Clerk
United States District Court for
The Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102-3489

Office of the Clerk
United States District Court for
The Southern District of New York
40 Foley Square
New York, NY 10007

Office of the Clerk
United States District Court for
The Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Office of the Clerk
United States District Court for
The Southern District of Florida
299 East Broward Boulevard #108
Fort Lauderdale, FL 33301

### All cases
### Counsel for Defendants Huel, Inc. and Huel, Ltd. (via email)

David Kwasniewski
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
415-599-0210
Email: kwasniewski@braunhagey.com

Jeremy Andrew Cohen
Amelia Courtney Hritz
BRAUNHAGEY & BORDEN LLP
200 Madison Avenue, 23rd Floor
New York, NY 10016
646-664-0401
Email: jcohen@braunhagey.com
Email: hritz@braunhagey.com

*Riley v. Huel Inc.*, **Case No. 1:25-cv-05783 (EDNY)**
**Counsel for Plaintiff and Movants (via email)**

Janine Lee Pollack
GEORGE FELDMAN MCDONALD, PLLC
745 Fifth Avenue, Suite 500
New York, NY 10151
917-983-2707
Fax: 888-421-4173
Email: jpollack@4-justice.com

Rebecca A. Peterson
GEORGE FELDMAN MCDONALD, PLLC
1650 W 82nd Street, Ste 880
Bloomington, MN 55401
612-778-9595
Fax: 888-421-4173
Email: rpeterson@4-justice.com

Max Fiest
Raphael Janove
JANOVE PLLC
500 7th Avenue, 8th Floor
New York, NY 10018
646-347-3940
Email: max@janove.law
Email: raphael@janove.law

Liana Roza Vitale
JANOVE PLLC
979 Osos Street, Ste A5
San Luis Obispo, CA 93401
646-479-6001
Email: liana@janove.law

Stephen Andrew Weiss
SEEGER WEISS LLP
55 Challenger Road, Ste 6th Floor
Ridgefield Park, NJ 07660
973-639-5340
Email: sweiss@seegerweiss.com

*Gouldbourne v. Huel Inc.*, **Case No. 1:25-cv-08921 (SDNY)**
**Counsel for Plaintiff (via email)**

Charles E. Schaffer
LEVIN SEDRAN & BERMAN
510 Walnut Street, Ste 500
Philadelphia, PA 19106
215-592-1500
Fax: 215-592-4663
Email: cschaffer@lfsblaw.com

Nick Suciu , III
BRYSON HARRIS SUCIU & DEMAY PLLC
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
616-678-2180
Email: nsuciu@brysonpllc.com

Russell Busch
BRYSON HARRIS SUCIU & DEMAY PLLC
11 Park Place, 3rd Floor
New York, NY 10007
919-926-7948
Email: rbusch@brysonpllc.com

Jason P. Sultzer
Scott E. Silberfein
SULTZER & LIPARI, PLLC
85 Civic Center Plaza
Suite 200
Poughkeepsie, NY 12601
845-483-7100
Fax: 888-749-7747
Email: sultzerj@thesultzerlawgroup.com
Email: silberfeins@thesultzerlawgroup.com

*Tal et al v. Huel Inc.*, **Case No. 1:25-cv-06508 (EDNY)**
**Counsel for Plaintiffs**

Christopher A. Seeger
Stephen Andrew Weiss
Justin Smigelsky
SEEGER WEISS LLP
55 Challenger Road, Ste 6th Floor
Ridgefield Park, NJ 07660
973-639-5340
Email: cseeger@seegerweiss.com
Email: sweiss@seegerweiss.com
Email: jsmigelsky@seegerweiss.com

Jennifer Sarnelli
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, NY 10017
646-722-8500
Email: jsarnelli@gelaw.com

DATED: January 20, 2026

**CHARLES C. WELLER, APC**

/s/     *Charles C. Weller*
           Charles C. Weller

*Counsel for Plaintiffs Aykut Sarayli and Robert Mastronardi*