**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: HUEL, INC., HEAVY METAL
PRODUCTS LIABILITY LITIGATION                                          MDL No. 3177

### ORDER DENYING TRANSFER

**Before the Panel:**[*] Plaintiff in the Southern District of Florida *Settecasi* action listed on Schedule A moves under 28 U.S.C. § 1407 to centralize this litigation in the Eastern District of New York. This litigation consists of five actions pending in four districts, as listed on Schedule A. In addition, the parties have informed the Panel of an additional action pending in the Eastern District of New York.[1] Responding plaintiffs in three actions and the Eastern District of New York potential tag-along action support centralization in the Eastern District of New York. Defendants Huel, Inc., and Huel, Ltd. (collectively Huel), and plaintiff in the Northern District of California *Sarayli* action oppose centralization.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. Plaintiffs in these proposed class actions are individuals that purchased Huel protein powder, such as Huel Black Edition High-Protein Complete Meal (Huel Black). They allege that Huel misleadingly marketed Huel Black as a safe supplement when it contained heavy metals, such as lead.

Although the parties' overlapping allegations may raise some common factual questions, we are unconvinced that centralization is warranted for so few actions. Because of consolidation that has occurred among cases pending in the Eastern District of New York, this litigation is spread among only four judges in four districts. The Huel defendants, arguably the ones who would bear the heaviest burden in litigating in multiple districts, assert that alternatives to centralization are superior to creating an MDL for so few cases. Plaintiffs in the Northern District of California *Sarayli* action state that they are amenable to alternatives to centralization. Plaintiffs in the Southern District of Florida *Settecasi* and Southern District of New York *Gouldbourne* actions have overlapping counsel, making informal coordination between those actions feasible. Plaintiffs

---

* Judge David C. Norton did not participate in the decision of this matter. One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and participated in this decision.

[1] This action and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(i), 7.1, and 7.2.

-2-

in those actions provide no reason why they, unlike the *Sarayli* plaintiffs, are unable to informally coordinate their pretrial proceedings with those pending in the Eastern District of New York.

Proponents of centralization argue that self-coordination is not feasible because plaintiffs in the actions pending outside of the Eastern District of New York will not consent to transfer of their actions to the Eastern District of New York under 28 U.S.C. § 1404. However, that is not the only means of informal coordination. For example, we have explained that suitable alternatives to Section 1404 transfer may include (1) making depositions applicable in each action, (2) stipulating that discovery relevant to more than one action may be used in all those actions, and (3) seeking orders from the relevant courts directing the parties to coordinate their pretrial efforts. *In re Eli Lilly & Co. (Cephalexin Monohydrate) Pat. Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978). We are not convinced that these and other alternatives to centralization will be ineffectual.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____

Karen K. Caldwell
Chair

Nathaniel M. Gorton          Matthew F. Kennelly
Roger T. Benitez             Dale A. Kimball
Madeline Cox Arleo

**IN RE: HUEL, INC., HEAVY METAL
PRODUCTS LIABILITY LITIGATION**                                    MDL No. 3177

## SCHEDULE A

Northern District of California

SARAYLI, ET AL. v. HUEL, LTD., C.A. No. 5:25-08878

Southern District of Florida

SETTECASI v. HUEL, INC., C.A. No. 0:25-62507

Eastern District of New York

RILEY v. HUEL, INC., C.A. No. 1:25-05783
TAL, ET AL. v. HUEL, INC., C.A. No. 1:25-06508

Southern District of New York

GOULDBOURNE v. HUEL, INC., C.A. No. 1:25-08921